## JUDSON M. W. JONES

*v.*

## JOHN K. WRIGHT & CO.

71   61
141  302

1. COMPROMISE—*mistake as to amount.* Where a party, after a full and careful investigation of his affairs, makes out lists of his indebtedness, and proposes to pay a certain per cent thereof, which is accepted by his creditors, and payments are made accordingly, he can not recover back from one of his creditors a part of the sum so paid him, on the ground of an alleged mistake as to his liability.

2. SALE—*when conditional one becomes absolute.* Where a person purchases goods, with an agreement that for all he uses or disposes of, he shall pay at ten per cent below the invoice price, and has the privilege of returning such as are not used or disposed of by him, if he refuses, on demand, to return the goods not used or sold, to the vendor, he will thereby make the sale absolute, and he will be liable for the same, according to the contract price.

3. DEMAND—*sufficiency.* Where a party has the right to make goods purchased by him on conditions, his own, on giving notice or by refusing to deliver the same on demand, no formal demand by the vendor will be necessary to make the goods the property of the purchaser on his refusal to re-deliver them. It will be sufficient, if the vendor says enough to satisfy the purchaser that he wants the same, and the latter refuses to give them up.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. J. P. ATWOOD, and Mr. JOHN HUTCHINSON, for the appellant.

Messrs. HOWE & RUSSELL, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Prior to the 9th of October, 1871, appellant had been supplied by appellees with printer's ink, for sale and for his own use. The arrangement was, that appellees should furnish the ink at an agreed price, and all that appellant sold or used, he was to pay for, with a deduction of ten per cent from the invoice price, with the privilege of returning the balance.

Settlements were made quarterly, when the amount used or sold was ascertained and payments made. This had been the course of business for some time previous to the fire of October 9th, 1871, and the same arrangement was made and continued after the fire until these suits were brought.

After the fire, appellant examined into his business and the condition of his affairs, and then thought he was solvent, but, being crippled, that, if he could get an extension of time of one, two and three years, he could pay his indebtedness in full. Acting on that belief, he made out a list of all his creditors, and the amount he owed each, together with a statement of his assets, and sent a list to each of his creditors. In this list were the names of appellees, with a statement of the amount he owed them, a copy of which he also sent them.

Not a great while afterwards, upon a more thorough examination into his affairs, appellant became satisfied that he could not pay in full, but that he could pay sixty cents on the dollar in sixty days, and made out another list, similar to the first, including the names of appellees and the amount he owed them, with the proposition to thus pay them, and sent his clerk and attorney East to effect the arrangement, which they did.

Appellees went into the arrangement, and appellant paid them the amount agreed upon, and, having again resumed business, their former arrangement for the sale and use of inks was revived, and they were supplied, and after some eight or ten months, appellant claimed that he was not liable to pay for the inks which were destroyed, and that the names of appellees had been improperly included in the list and compromise, and that it had been made through mistake, and demanded the return of the money he had paid appellees on the compromise, which they refused; and they demanded of appellant the inks then in his possession, which he declined to return. He thereupon brought suit against appellees for the money, and sued out an attachment, which was levied on

the inks.    Appellees brought an action to recover the price of
the inks sold and used, and for the price of those not returned
on the demand.    On the trial, in both cases, the parties, by
stipulation, waived a jury and submitted them to the court for
trial.    The court, in each case, found the issues against appel-
lant, and rendered judgment against him for costs in the suit
brought by him, and for the value of the inks received and
not accounted for by him in the suit by appellees.

In the decision of these cases, the facts being so insepara-
bly connected, and all depending on the same questions, we have
considered them together, and as but one.    This is the more
appropriate, inasmuch as they were tried at the same time,
and as one case, in the court below, although they are brought
here on separate records.

Appellant claims that the evidence establishes a clear mis-
take in making the compromise with appellees, and that their
claim was not intended to be included in the list of his cred-
itors.

On a careful examination of all the evidence in the case,
we are compelled to concur with the judge who tried it be-
low.    It is not credible that a good business man, engaged
in a full and careful investigation of his affairs, under the
circumstances and for the purposes that induced this exami-
nation, could, by mistake, have had the names of appellees,
and the amount affixed to them, inserted in the first list, and
again after a more careful and scrutinizing revision of the whole
affair.    It seems to us that, even if he could have made the
mistake in the first list, he could not have failed to detect it
in the second.    He says that he trusted to his clerk to make the
list, but the evidence shows that it was presented to him and ex-
amined and approved.    He does not deny that he saw appellees'
names and the amount on the list, but he simply says that he
don't remember to have noticed it.    We must conclude that his
memory is at fault, as he was, in making these lists and com-
promise, engaged in perhaps one of the gravest affairs of his
life, when, if ever, his whole attention and his utmost busi-

ness capacity would be brought into requisition. He, no doubt, felt and knew that his future as a business man all depended upon the result, and he would assuredly then proceed with care, in ascertaining every dollar for which he was liable. We are therefore impelled to the conclusion that he deliberately intended to include the appellees and their claim in the compromise, and having done so, he can not now repudiate the compromise and recover back the money.

It is objected that, under the arrangement, appellees were not entitled to recover for the unsold inks. They were invoiced and charged to appellant as though the sale had been unconditional. He had, however, the right to return any unsold portion when he chose, and pay for such as he had sold or used; and, under the arrangement, it must be implied that appellees had, at will, the right to repossess themselves of the portion not disposed of, at any time, on demand, unless appellant saw proper to retain them, and make them unconditionally his own. The legal effect of the arrangement was, that it was a sale with the privilege of returning the property when he might choose, or on the demand of the seller. He had the right, at any time, by giving notice to appellees that he would take the property at ten per cent less than the invoice price, to make it his own, or to do so by refusing to deliver it to them upon their demanding it.

But it is insisted that there was not a sufficient demand made, nor a refusal to deliver the property. It is true that there was not a formal demand, but there was enough said to convey to the mind of appellant that appellees wanted their property, and that is all the law requires. That he so understood it, is manifest from his declining to deliver the inks until he should hear from appellees. This was a refusal to surrender the property on demand, and, by the refusal, he made the property his own, and rendered himself liable to pay for it the price fixed by the agreement, and the court below did not err in rendering judgment for that sum.

The judgment of the court below is affirmed in both cases.

*Judgment affirmed.*